United States Bankruptcy Court
Eastern District of Pennsylvania

In re:
Gregory George Schlegel
MaryLouise Ann Schlegel
    Debtors

Case No. 16-10198-ref
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0313-4     User: SaraR     Page 1 of 1     Date Rcvd: Nov 03, 2017
                       Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 05, 2017.
db/jdb      +Gregory George Schlegel,    MaryLouise Ann Schlegel,    556 Roberts Road,      Nazareth, PA 18064-9588

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.     TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 05, 2017                         Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 3, 2017 at the address(es) listed below:
       ANDREW   SPIVACK    on behalf of Creditor    Ditech Financial LLC paeb@fedphe.com
       FREDERICK L. REIGLE    ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
       LISA MARIE CIOTTI    on behalf of Trustee FREDERICK L. REIGLE ecfmail@fredreiglech13.com, ecf_frpa@trustee13.com
       MATTEO SAMUEL WEINER    on behalf of Creditor    Wilmington Savings Fund Society, FSB et al... bkgroup@kmllawgroup.com
       MATTEO SAMUEL WEINER    on behalf of Creditor    Ditech Financial LLC bkgroup@kmllawgroup.com
       MATTEO SAMUEL WEINER    on behalf of Creditor    Rushmore Loan Management Services bkgroup@kmllawgroup.com
       REBECCA ANN SOLARZ    on behalf of Creditor    Wilmington Savings Fund Society, FSB et al... bkgroup@kmllawgroup.com
       ROBERT   GLAZER    on behalf of Joint Debtor MaryLouise Ann Schlegel usbcglazer@gmail.com
       ROBERT   GLAZER    on behalf of Debtor Gregory George Schlegel usbcglazer@gmail.com
       United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
                                                                                        TOTAL: 10

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In RE: MaryLouise Ann Schlegel a/k/a MaryLouise Schlegel a/k/a MaryLouise A. Schlegel a/k/a Marylouise A Schlegel Gregory George Schlegel a/k/a Gregory Schlegel a/k/a Gregory G. Schlegel<br>Debtors | CHAPTER 13<br><br>NO. 16-10198 REF |
| Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust<br>Movant<br>vs.<br>MaryLouise Ann Schlegel a/k/a MaryLouise Schlegel a/k/a MaryLouise A. Schlegel a/k/a Marylouise A Schlegel Gregory George Schlegel a/k/a Gregory Schlegel a/k/a Gregory G. Schlegel<br>Debtors<br>Frederick L. Reigle<br>Trustee | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtors' residence is **$12,976.87**, which breaks down as follows:

Post-Petition Payments:        May 1, 2017 to October 1, 2017 at $2,054.30/month
Less Suspense Balance:         $379.93
Fees & Costs Relating to Motion: $1,031.00
**Total Post-Petition Arrears:  $12,976.87**

2. The Debtors shall cure the aforesaid arrearage in the following manner:

a). Debtors shall modify the Chapter 13 Plan to provide for payment of the post-petition arrears of **$12,976.87** through the Plan, together with the pre-petition arrears. Toward that end, Debtors shall file a motion to modify the plan post-confirmation within seven (7) days of the court order approving of and/or granting this stipulation.

b). Movant shall file an Amended or Supplemental Proof of Claim to include the post-petition arrears of **$12,976.87**, together with the pre-petition arrears;

c). The 410A form for a Proof of Claim shall not be required for this Amended or Supplemental Proof of Claim.

3. Beginning with the payment due November 1, 2017 and continuing thereafter, Debtors shall maintain, and pay when due, the regular contractual post-petition monthly mortgage payment of $2,054.30 (or as adjusted under the terms of the mortgage), which payment is due on or before the first (1st) day of each month (with late charges assessed after the 15th of the month).

4. Should the Debtors provide sufficient proof of payments made (front & back copies of cancelled checks and/or money orders) but not credited, Movant shall adjust the account accordingly.

5. In the event that the payments due under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtors and Debtors' attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtors should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default with the Court, upon which the Court shall enter an Order granting Movant relief from the automatic stay as to the mortgaged property, and waiving the stay provided by Bankruptcy Rule 4001(a)(3), which the parties hereby agree to waive with respect to said Order. The Order shall be in the form set forth in the proposed order filed with Movant's instant Motion for Relief, or in a form substantially similar ("Movant" in this paragraph and hereinafter refers to Movant or any of its successors or assignees, should the claim be assigned or transferred).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the loan, mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 26, 2017

By: /s/ Matteo S. Weiner, Esquire
Matteo S. Weiner, Esquire
KML Law Group, P.C.
701 Market Street, Suite 5000
Philadelphia, PA 19106-1532
(215) 627-1322 FAX (215) 627-7734
Attorneys for Movant

Date: 11/1/17

Robert Glazer, Esquire
Attorney for Debtors

Date: 4/1/17

Frederick L. Reigle
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2017. However, the court retains discretion regarding entry of any further order

**Date: November 3, 2017**

Bankruptcy Judge
Richard E. Fehling